## NOTICE TO DEFENDANTS (Pursuant to Supreme Court Rule)

In a civil action for money (under $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. **You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney at the office of the Circuit Clerk, #10 Public Square, P.O. Box 8445, Belleville, Illinois 62222-8445.**

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Court Clerk or the Sheriff's office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his attorney of your desire to do so. Request that he appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Court Clerk or the Sheriff, as only the Judge can dismiss a case, and, then only with a proper court order which must be entered in open Court.

State of Illinois ) S.S.
County of St. Clair )

Case Number 15L651

Amount Claimed _____

Law office of
Brent Gaines

**Plaintiff(s)**

VS

Healthport
Technologies LLC

**Defendant(s)**

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Brian Kreisler _____ Code _____
Address P.O. Box 1553
City O'Fallon _____ Phone 618-589-6165
Add. Pltf. Atty. _____ Code _____

←  **SUMMONS COPY**

To the above named defendant(s). . . . . . :

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
NAME Corporation Service Co.

ADDRESS 40 Technology Parkway
South Suite 300

CITY & STATE Gwinnett
Norcross, GA 30092

☐ **A. You are hereby summoned and required to appear before this court at**
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto**
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

**TO THE OFFICER:**
   This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

   This summons may not be served later than 30 days after its date.

WITNESS _____ 11-16 20 ___

SEAL

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20 ___
(To be inserted by officer on copy left with defendant
or other person)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000- - -SEE REVERSE SIDE**

CC-MR-1

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## FOR ST. CLAIR COUNTY, ILLINOIS

LAW OFFICE OF BRENT GAINES,
individually and on behalf of all others
similarly situated,

                    Plaintiff,

          v.

HEALTHPORT TECHNOLOGIES, LLC,

                    Defendant.

Case No. 15-L-*651*

FILED
ST. CLAIR COUNTY
NOV 1 6 2015
CIRCUIT CLERK
30

## CLASS ACTION COMPLAINT

Plaintiff Law Office of Brent Gaines ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), by and through its undersigned counsel, brings this Class Action Complaint against HealthPort Technologies, LLC ("HealthPort" or "Defendant") and respectfully alleges as follows. Plaintiff bases the allegations herein on personal knowledge as to matters related to, and known to, Plaintiff. As to all other matters, Plaintiff bases the allegations herein on information and belief, through investigation of Plaintiff's counsel. Plaintiff believes substantial evidentiary support exists for the allegations set forth herein, and it seeks a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    HealthPort specializes in the provision of medical records.

2.    More specifically, HealthPort contracts with doctors and hospitals throughout the United States, including the State of Illinois and the State of Missouri, to fulfill requests for medical records made by, and on behalf of, current and former patients. *Billing FAQs*, HealthPort, https://www.healthport.com/billing-inquiries/faqs.aspx (last visited Nov. 12, 2015) ("HealthPort

1

is a company contracted by healthcare facilities across the country to facilitate, process and fulfill medical record requests, also known as the release of information (ROI) process.").

3.     In connection with searching for medical records in response to requests made on behalf of patients, HealthPort charges fees that Illinois law and Missouri law do not allow.

4.     In Illinois, HealthPort charges fees of $20.00 in connection with copying medical records when HealthPort does not, in fact, copy any medical records.

5.     Similarly, in Missouri, HealthPort charges fees of $22.82 for searching for and retrieving medical records when HealthPort does not, in fact, retrieve or furnish a medical record.

6.     The Illinois legislature has enacted a statute that does not allow facilities such as HealthPort to charge fees in connection with copying medical records in cases where the facilities do not, in fact, copy any medical records. 735 ILCS 5/8-2001(d).

7.     The Illinois law provides, in pertinent part:

> The person (including patients, health care practitioners and attorneys) requesting copies of records shall reimburse the facility or the health care practitioner *at the time of such copying* for all reasonable expenses, including the costs of independent copy service companies, *incurred in connection with such copying* not to exceed a $20 handling charge for processing the request and the actual postage or shipping charge, if any, plus [other charges] . . . .

735 ILCS 5/8-2001(d) (emphasis added).

8.     As set forth above, 735 ILCS 5/8-2001(d) allows a charge of $20.00 only *at the time of copying*, for reasonable expenses *incurred in connection with the copying*.

9.     Similarly, the Missouri legislature has enacted a statute that does not allow facilities such as HealthPort to charge fees for searching for and retrieving medical records in cases where the facilities do not, in fact, retrieve or furnish a medical record. Mo. Stat. § 191.227.2(1)(a).

10.     Specifically, Missouri law provides, in pertinent part:

2

> Health care providers may condition *the furnishing* of the patient's health care records to the patient, the patient's authorized representative or any other person or entity authorized by law to obtain or reproduce such records upon payment of a fee for:
>
> > (1)(a) Search *and retrieval,* in an amount not more than twenty-two dollars and eighty-two cents plus copying in the amount of fifty-three cents per page for the cost of supplies and labor plus [other charges] . . . .

Mo. Stat. § 191.227.2 (emphasis added).

11.     As set forth above, section 191.227 of the Revised Statutes of Missouri conditions the allowable fee of $22.82 on both the search *and the retrieval* of a patient's health care records. The statute does not allow the $22.82 charge if retrieval has not occurred.

12.     Plaintiff, individually and on behalf of the Class members, seeks to recover from HealthPort all fees it illegally charged in connection with copying medical records when HealthPort did not, in fact, copy any medical records. Similarly, Plaintiff seeks to recover from HealthPort all fees it illegally charged for searching for and retrieving medical records when HealthPort did not, in fact, retrieve or furnish any medical records. Further, Plaintiff seeks to enjoin Defendant from charging the illegal fees in the future.

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendant under 735 ILCS 5/2-209 and the United States Constitution for at least the following reasons:

    a.     Plaintiff's causes of action arise from the transaction of business by Defendant within the State of Illinois, *see* 735 ILCS 5/2-209(a)(1), including but not limited to Defendant's charging of illegal fees to Plaintiff in the State of Illinois in connection with copying medical records when Defendant did not, in fact, copy any medical records;

    b.     Plaintiff's causes of action arise from the commission by Defendant of tortious acts within the State of Illinois, *see* 735 ILCS 5/2-209(a)(2), including but not limited to Defendant's

3

Class Action Complaint, *Law Office of Brent Gaines v. HealthPort Technologies, LLC*
Case No. 15-L-_____

charging of illegal fees to Plaintiff in the State of Illinois in connection with copying medical records when Defendant did not, in fact, copy any medical records;

c.     Plaintiff's causes of action arise from the making or performance by Defendant of contracts or promises substantially connected with the State of Illinois, *see* 735 ILCS 5/2-209(a)(7), including but not limited to Defendant's charging of illegal fees to Plaintiff in the State of Illinois in connection with copying medical records when Defendant did not, in fact, copy any medical records;

d.     Plaintiff's causes of action are against Defendant, which is a corporation doing business within the State of Illinois, *see* 735 ILCS 5/2-209(b)(4); and

e.     the United States Constitution permits this Court to exercise personal jurisdiction over Defendant because Plaintiff's causes of action arise out of Defendant's conduct within the State of Illinois, including but not limited to Defendant's charging of illegal fees to Plaintiff in the State of Illinois in connection with copying medical records when Defendant did not, in fact, copy any medical records, *see* 735 ILCS 5/2-209(c).

14.    Venue is proper in this County because all or a substantial part of the transactions or events giving rise to Plaintiff's causes of action occurred in St. Clair County, Illinois.

15.    Venue is also proper in this County under Section 10a(b) of Illinois's Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (the "ICFA"), because Defendant is doing business in this County. 810 ILCS 505/10a(b).

## THE PARTIES

### Plaintiff Law Office of Brent Gaines

16.    Plaintiff Law Office of Brent Gaines is a resident of Belleville, Illinois, and it has no intention of changing its residence.

17.    Plaintiff's clients include individuals that Plaintiff represents before the United States Social Security Administration.

18.     In connection with the matters in which Plaintiff's clients are involved, the Social Security Administration routinely requires Plaintiff to submit, on behalf of its clients, evidence of the clients' recent medical treatment.

19.     Many of Plaintiff's clients do not know when their last medical treatment occurred.

20.     Many of Plaintiff's clients suffer from mental impairments, which negatively impact their ability to remember when their last medical treatment occurred.

21.     To ensure Plaintiff has accurate and complete copies of its clients' medical records, Plaintiff sends letters to the clients' health care providers requesting copies of the records.

22.     The letters include authorizations from the clients for the health care providers to provide Plaintiff with copies of the records.

23.     Because the health care providers often contract with HealthPort for services related to provision of medical records, HealthPort is often the entity that responds to Plaintiff's requests.

24.     For example, on January 23, 2014, Plaintiff sent a letter and authorization on behalf of a client to the client's health care provider, which is located in Illinois, asking for copies of the client's medical records from February 9, 2013, to the present.

25.     HealthPort responded to Plaintiff's January 23, 2014, letter with an invoice dated February 8, 2014, and a letter stating that there were no dates of treatment of Plaintiff's client at the client's health care provider for the dates Plaintiff identified.

26.     The February 8, 2014, invoice requested Plaintiff to remit the amount of $20.00 to HealthPort as a "Basic Fee."

27.     In response to HealthPort's invoice, on February 20, 2014, Plaintiff sent HealthPort a letter alerting it that 735 ILCS 5/8-2001 does not allow HealthPort to charge fees in connection with copying medical records when HealthPort does not, in fact, copy any medical records.

Plaintiff enclosed a copy of 735 ILCS 5/8-2001 with the letter.

28.    Despite Plaintiff's February 20, 2014, letter, HealthPort has sent Plaintiff delinquency notices requesting payment of a purportedly "seriously past-due debt" of $20.00 in connection with Plaintiff's letter request of January 23, 2014. Specifically, HealthPort sent the delinquency notices on April 16, 2014, May 16, 2014, June 17, 2014, and July 17, 2014.

29.    Each of the delinquency notices states that "[if HealthPort does] not receive payment for past due invoices within 15 days, [HealthPort] may forward [Plaintiff's] account to a collection agency or take legal action."

30.    Plaintiff has not yet paid HealthPort the $20.00.

31.    For another example, on January 14, 2014, Plaintiff sent a letter and authorization on behalf of a client to the client's health care provider, which is located in Missouri, asking for copies of the client's medical records from January 1, 2013, to the date of the letter.

32.    HealthPort responded to Plaintiff's January 14, 2014, letter with an invoice dated January 18, 2014, and a letter stating that there were no dates of treatment of Plaintiff's client at the client's health care provider for the dates Plaintiff identified.

33.    The January 18, 2014, invoice requested Plaintiff to remit the amount of $22.82 to HealthPort as a "Basic Fee."

34.    In response to HealthPort's invoice, on February 20, 2014, Plaintiff sent HealthPort a letter alerting it that section 191.227 of the Revised Statutes of Missouri does not allow HealthPort to charge fees when HealthPort does not, in fact, retrieve and furnish medical records. Plaintiff enclosed a copy of section 191.227 with the letter.

35.    Despite Plaintiff's February 20, 2014, letter, HealthPort has sent Plaintiff delinquency notices requesting payment of a purportedly "seriously past-due debt" of $22.82 in

connection with Plaintiff's letter request of January 14, 2014. Specifically, HealthPort sent the delinquency notices on April 16, 2014, May 16, 2014, and June 17, 2014.

36.     Each of the delinquency notices states that "[if HealthPort does] not receive payment for past due invoices within 15 days, [HealthPort] may forward [Plaintiff's] account to a collection agency or take legal action."

37.     Plaintiff has not yet paid HealthPort the $22.82.

38.     HealthPort has charged Plaintiff fees in connection with Plaintiff's requests, on behalf of numerous other clients, to health care providers in Illinois and Missouri for medical records, even though HealthPort did not copy, retrieve, or furnish any records for the clients.

39.     Plaintiff has not yet paid any of the illegal charges.

40.     However, Plaintiff routinely promptly pays HealthPort when HealthPort actually retrieves, copies, and furnishes Plaintiff with medical records that Plaintiff has requested.

41.     Plaintiff spends thousands of dollars per year on medical records it obtains from HealthPort.

### Defendant HealthPort Technologies, LLC

42.     Defendant HealthPort Technologies, LLC, is a limited liability company organized under the laws of the State of Georgia.

43.     HealthPort's headquarters are located at 925 North Point Parkway, Suite 350, Alpharetta, Georgia 30005.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

44.     As set forth above, HealthPort specializes in the provision of medical records throughout the United States, including the State of Illinois and the State of Missouri.

45.     HealthPort claims on its website that "[f]or more than 39 years, [it has] been the

recognized leader in ensuring the compliant exchange of protected health information (PHI) for hospitals, health systems, physician practices and clinics through [its] release of information services." *HIPAA Compliant Release of Information Overview*, HealthPort, https://www.healthport.com/let-us-assist-you/flexible-solutions/release-of-information.aspx (last visited Nov. 12, 2015).

46.     HealthPort charges attorneys and law firms, such as Plaintiff and the Class members, a "Basic Fee" of $20.00 in connection with every request for medical records (i) that the attorneys and law firms make to health care provides located in the State of Illinois and (ii) that HealthPort services for the attorneys and/or law firms—even if HealthPort does not, in fact, copy any medical records.

47.     As set forth above, 735 ILCS 5/8-2001(d) does not allow facilities such as HealthPort to charge fees in connection with copying medical records when the facilities do not, in fact, copy any medical records.

48.     Furthermore, HealthPort charges attorneys and law firms, such as Plaintiff and the Class members, a "Basic Fee" of $22.82 in connection with every request for medical records (i) that the attorneys and law firms make to health care provides located in the State of Missouri and (ii) that HealthPort services for the attorneys and/or law firms—even if HealthPort does not, in fact, retrieve or furnish any medical records.

49.     As set forth above, section 191.227 of the Revised Statutes of Missouri does not allow facilities such as HealthPort to charge fees for searching for and retrieving medical records when the facilities do not, in fact, retrieve or furnish any medical records.

## CLASS ACTION ALLEGATIONS

50.     As set forth below, this action satisfies the requirements of Section 2-801 of the

8

Illinois Code of Civil Procedure, 735 ILCS 5/2-801, making certification of this action as a class action appropriate.

### Class Definition

51.    Plaintiff brings this action on behalf of itself and a proposed class (the "Class") defined as follows:[1]

> **The Class.** All attorneys or law firms:
>
> (i)    that requested, on behalf of the attorneys' or law firms' clients, for health care providers located in the State of Illinois or the State of Missouri to provide medical records and
>
> (ii)   that HealthPort charged a "Basic Fee" when HealthPort did not retrieve any medical records,
>
> at any time during the applicable liability period.

52.    Additionally, Plaintiff brings this action on behalf of itself and a proposed subclass (the "Illinois Subclass") defined as follows:

> **The Illinois Subclass.** All attorneys or law firms:
>
> (i)    that, while residing in the State of Illinois, requested, on behalf of the attorneys' or law firms' clients, for health care providers located in the State of Illinois to provide medical records and
>
> (ii)   that HealthPort charged a "Basic Fee" when HealthPort did not copy any medical records,
>
> at any time during the applicable liability period.

53.    Additionally, Plaintiff brings this action on behalf of itself and a proposed subclass (the "Missouri Subclass") defined as follows:

---

[1] The "Illinois Subclass" and the "Missouri Subclass," both defined below, are subsets of the Class.

**The Missouri Subclass.** All attorneys or law firms:

(i)      that requested, on behalf of the attorneys' or law firms' clients, for health care providers located in the State of Missouri to provide medical records and

(ii)     that HealthPort charged a "Basic Fee" when HealthPort did not retrieve any medical records,

at any time during the applicable liability period. Plaintiff asks the Court to adjudicate all remedies through the Missouri Subclass.

54.     Excluded from the Class are: (a) Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with the procedures the Court will approve.

**Numerosity**

55.     At this time, Plaintiff does not know the exact number of members of the Class; however, given the nature of the claims and Defendant's widespread charging of legally prohibited fees when it searches for but does not retrieve, copy, or furnish medical records, Plaintiff believes the members of the Class are so numerous that joinder is impracticable. 735 ILCS 5/2-801(1).

**Common Questions of Fact or Law**

56.     There are questions of fact or law common to the Class that predominate over questions that may affect individual Class members, including the following:

a.     whether HealthPort charged Plaintiff and the Class members a "Basic Fee" in connection with a request for a copy of their clients' medical records, even though HealthPort did not retrieve, copy, or furnish any medical records;

b.     whether HealthPort's actions, as set forth herein, violate 735 ILCS 5/8-2001;

10

c.  whether HealthPort's actions, as set forth herein, violate section 191.227 of the Revised Statutes of Missouri;

d.  whether HealthPort's actions, as set forth herein, violate Georgia's Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370 *et seq.* (the "GUDTPA");

e.  whether HealthPort's actions, as set forth herein, violate Georgia's Fair Business Practices Act of 1975, Ga. Code § 10-1-390 *et seq.* (the "GFBPA");

f.  whether HealthPort's actions, as set forth herein, violate ICFA; and

g.  whether HealthPort's actions, as set forth herein, violate the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* (the "MMPA").

735 ILCS 5/2-801(2).

**Adequacy of Representation**

57.  Plaintiff will fairly and adequately protect the interest of the Class, based on the

following:

a.  Plaintiff's claims are substantially similar to the claims of the other Class members, such that by prevailing on its own claims, Plaintiff will establish Defendant's liability as to all other Class members;

b.  without the Class representation Plaintiff is providing and will provide, virtually no Class members will receive legal representation or redress for their injuries;

c.  Plaintiff and its counsel have the necessary financial resources to litigate this class action adequately and vigorously; and

d.  Plaintiff and its counsel are aware of their fiduciary responsibilities to the Class members and are determined to discharge those duties diligently by vigorously representing the interests of the Class.

735 ILCS 5/2-801(3).

**Appropriateness**

58.     A class action is an appropriate method for the fair and efficient adjudication of this

controversy for reasons including but not limited to the following:

      a.      common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a class wide, instead of a repetitive individual, basis;

      b.      the amount of Plaintiff's and the Class members' individual damages is too small to make individual litigation an economically viable alternative; thus, a class action is the only practical means of adjudication of this controversy;

      c.      few Class members have any interest in individually controlling the prosecution of separate actions, and those who do may opt out;

      d.      class treatment is necessary for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses that Class members will incur;

      e.      a class action will achieve judicial economy by obviating the need for numerous, identical suits against the same Defendant in various fora; and

      f.      no unusual difficulties are likely to be encountered in the management of the class action insofar as Defendant's liability turns on the common questions of fact or law alleged herein.

735 ILCS 5/2-801(4).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of Georgia's Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370 *et seq.*
(On Behalf of the Class)**

59.     Plaintiff realleges and incorporates the above paragraphs of this Class Action

Complaint as if set forth herein.

60.     Plaintiff brings this cause of action on behalf of the Class for violation of the GUDTPA.

61.     Under the GUDTPA, "person" means "an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity." Ga. Code § 10-1-371(5).

62.     Plaintiff is a "person" under the GUDTPA. *Id.*

63.     Defendant is a "person" under the GUDTPA. *Id.*

64.     Under the GUDTPA, "[a] person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he . . . [e]ngages in any other conduct which similarly[2] creates a likelihood of confusion or of misunderstanding." *Id.* § 10-1-372(a)(12).

65.     Section 10-1-372 of the GUDTPA states that "[i]n order to prevail in an action under this part, a complainant need not prove competition between the parties or actual confusion or misunderstanding." *Id.* § 10-1-372(b).

66.     As set forth herein, Defendant's conduct of charging "Basic Fees" when Defendant searches for but does not retrieve, copy, or furnish medical records violates both 735 ILCS 5/8-2001 and section 191.227 of the Revised Statutes of Missouri and, consequently, violates section 10-1-372 of the GUDTPA in that, among other things, Defendant has engaged, and/or continues to engage, in illegal and deceptive trade practices in the course of its business.

67.     Because Defendant, in violation of 735 ILCS 5/8-2001 and section 191.227 of the

---

[2] Earlier examples in section 10-1-372 of conduct that creates a likelihood of confusion misunderstanding include "[p]ass[ing] off goods or services as those of another" and "[c]aus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services." Ga. Code § 10-1-372(a)(1), (2).

Revised Statutes of Missouri, charges "Basic Fees" when it searches for but does not retrieve, copy, or furnish medical records, Plaintiff and the members of the Class suffered economic damages.

68.     Pursuant to section 10-1-373 of the GUDTPA, Plaintiff and the Class members seek a declaration that Defendant's deceptive trade practices violate 735 ILCS 5/8-2001 and section 191.227 of the Revised Statutes of Missouri and, consequently, violate the GUDTPA; an injunction prohibiting Defendant from continuing to engage in such unlawful practices; attorneys' fees and costs; and any other relief that the Court deems necessary and proper.

69.     Therefore, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Violation of Georgia's Fair Business Practices Act of 1975, Ga. Code § 10-1-390 *et seq.*
### (On Behalf of the Class)

70.     Plaintiff realleges and incorporates the above paragraphs of this Class Action Complaint as if set forth herein.

71.     Plaintiff brings this cause of action on behalf of the Class for violation of the GFBPA.

72.     In a section titled "Legislative intent; interpretation," the GFBPA provides:

(a)     The purpose of this part shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies.

(b)     It is the intent of the General Assembly that this part be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45(a)(1)), as from time to time amended.

Ga. Code § 10-1-391.

73.     Under the GFBPA, "person" means "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity." *Id.* § 10-1-392(a)(24).

74.     Plaintiff is a "person" under the GFBPA. *Id.*

75.     HealthPort is a "person" under the GFBPA. *Id.*

76.     Under the GFBPA, "office supplier" means "any person who sells, rents, leases, or ships, or offers to sell, lease, rent, or ship, goods, services, or property to any person to be used in the operation of any office or of any farm." *Id.* § 10-1-392(a)(22).

77.     HealthPort is an "office supplier" under the GFBPA. *Id.*

78.     Under the GFBPA, "office supply transactions" means "the sale, lease, rental, or shipment of, or offer to sell, lease, rent, or ship, goods, services, or property to any person to be used in the operation of any office or of any farm but shall not include transactions in which the goods, services, or property is purchased, leased, or rented by the office or farm for purposes of reselling them to other persons." Ga. Code § 10-1-392(a)(23).

79.     Plaintiff and HealthPort have engaged in "office supply transactions" within the meaning of the GFBPA. *Id.*

80.     Under the GFBPA, "trade" and "commerce" mean "the advertising, distribution, sale, lease, or offering for distribution, sale, or lease of any goods, services, or any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value wherever situate and shall include any trade or commerce directly or indirectly affecting the people of this state." *Id.* § 10-1-392(a)(28).

81.     HealthPort's conduct at issue constitutes "trade" and "commerce" under the

GFBPA. *Id.*

82.     Under the GFBPA, "[u]nfair or deceptive acts or practices by an office supplier in the conduct of office supply transactions in trade or commerce are declared unlawful." *Id.* § 10-1-393.1(a).

83.     As set forth herein, Defendant's conduct of charging "Basic Fees" when Defendant searches for but does not retrieve, copy, or furnish medical records violates 735 ILCS 5/8-2001 and section 191.227 of the Revised Statutes of Missouri and, consequently, violates section 10-1-393.1 of the GFBPA in that, among other things, Defendant has engaged, and/or continues to engage, in unfair or deceptive acts or practices in the conduct of office supply transactions in trade or commerce.

84.     Because Defendant, in violation of 735 ILCS 5/8-2001 and section 191.227 of the Revised Statutes of Missouri, charges "Basic Fees" when it searches for but does not retrieve, copy, or furnish medical records, Plaintiff and the members of the Class suffered economic damages.

85.     An "intentional violation" of the GFBPA "occurs when the person committing the act or practice knew that his or her conduct was in violation of [the GFBPA]." Ga. Code § 10-1-392(b).

86.     In its transactions with Plaintiff and the Class members, Defendant has committed, and continues to commit, "intentional violations" of the GFBPA because Defendant knows its conduct of charging a "Basic Fee" when it searches for, but does not retrieve, copy, or furnish, medical records is illegal, yet Defendant continues to engage in this conduct.

87.     Pursuant to section 10-1-399(a) of the GFBPA, Plaintiff and the Class members seek actual damages; a declaration that Defendant's unfair or deceptive acts or practices in the

conduct of office supply transactions in trade or commerce violate 735 ILCS 5/8-2001 and section 191.227 of the Revised Statutes of Missouri and, consequently, violate the GFBPA; an injunction prohibiting Defendant from continuing to engage in such unlawful acts or practices; rescission; pre-judgment interest; exemplary damages; attorneys' fees and costs; and any other relief that the Court deems necessary and proper.

88.     Therefore, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### Violation of Illinois's Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (On Behalf of the Illinois Subclass)

89.     Plaintiff realleges and incorporates the above paragraphs of this Class Action Complaint as if set forth herein.

90.     Plaintiff brings this cause of action on behalf of the Illinois Subclass for violation of the ICFA.

91.     Under the ICFA, "the term 'person' includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof." 815 ILCS 505/1(c).

92.     Plaintiff is a "person" under the ICFA. *Id.*

93.     Defendant is a "person" under the ICFA. *Id.*

94.     Under the ICFA, the "term 'merchandise' includes any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services." 815 ILCS 505/1(b).

95.     HealthPort provides a service and, consequently, provides "merchandise" as the ICFA defines that term. *Id.*

96.     Under the ICFA, "the term 'sale' includes any sale, offer for sale, or attempt to sell any merchandise for cash or on credit." 815 ILCS 505/1(d).

97.     HealthPort's actions at issue constitute "sales" under the ICFA. *Id.*

98.     Under the ICFA, the terms "trade" and "commerce" mean "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ICLS 505/1(f).

99.     HealthPort's actions at issue constitute "trade" and "commerce" under the ICFA. *Id.*

100.    Under the ICFA:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

101.    As set forth herein, Defendant's conduct of charging "Basic Fees" when Defendant searches for but does not retrieve, copy, or furnish medical records violates 735 ILCS 5/8-2001 and, consequently, violates 815 ILCS 505/2 in that, among other things, Defendant has used and/or continues to use unfair or deceptive acts or practices in the conduct of trade or commerce.

102.    Because Defendant uses unfair or deceptive acts or practices in connection with its

conduct of charging "Basic Fees" when it searches for but does not retrieve, copy, or furnish

medical records, Plaintiff and the members of the Illinois Subclass suffered economic damages.

103.    Plaintiff and the members of the Illinois Subclass seek actual damages; a

declaration that Defendant's use or employment of unfair or deceptive acts or practices violate 735

ILCS 5/8-2001 and, consequently, violate the ICFA; an injunction prohibiting Defendant from

continuing to engage in such unfair or deceptive acts or practices; rescission; pre-judgment

interest; punitive damages; attorneys' fees and costs; and any other relief that the Court deems

necessary and proper.

104.    Therefore, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**Violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.***
**(On Behalf of the Missouri Subclass)**

105.    Plaintiff realleges and incorporates the above paragraphs of this Class Action

Complaint as if set forth herein.

106.    Plaintiff brings this cause of action on behalf of the Missouri Subclass for violation

of the MMPA.

107.    Under the MMPA, the term "person" means "any natural person or his legal

representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or

foreign, company, foundation, trust, business entity or association, and any agent, employee,

salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust

thereof." Mo. Rev. Stat. § 407.010(5).

108.    Plaintiff is a "person" under the MMPA. *Id.*

109.    Defendant is a "person" under the MMPA. *Id.*

110.    Under the MMPA, the term "merchandise" means "any objects, wares, goods,

commodities, intangibles, real estate or services." *Id.* § 407.010(4).

111.    HealthPort provides a service and, consequently, provides "merchandise" as the MMPA defines that term. *Id.*

112.    Under the MMPA:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

*Id.* § 407.020(1).

113.    As set forth herein, Defendant's conduct of charging "Basic Fees" when Defendant searches for but does not retrieve medical records violates section 191.227 of the Revised Statutes of Missouri and, consequently, violates section 407.020(1) of the MMPA in that, among other things, Defendant has used and/or continues to use deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact.

114.    Because Defendant uses deception, fraud, false pretense, false promise, misrepresentation, unfair practice and the concealment, suppression, or omission of material facts in connection with its conduct of charging "Basic Fees" when it searches for but does not retrieve medical records, Plaintiff and the members of the Missouri Subclass suffered economic damages.

115.    Plaintiff and the members of the Missouri Subclass seek actual damages; a declaration that Defendant's acts, use, or employment of deceptions, frauds, false pretenses, false promises, misrepresentations, unfair practices, or concealments, suppressions, or omissions of material facts violate section 191.227 of the Revised Statutes of Missouri and, consequently, violate the MMPA; an injunction prohibiting Defendant from continuing to engage in such

unlawful acts, use, or employment; rescission; pre-judgment interest; punitive damages; attorneys' fees and costs; and any other relief that the Court deems necessary and proper.

116.    Therefore, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully requests an Order:

A.    certifying the proposed Class, as set forth above;

B.    declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding statutory damages in the maximum amount for which the law provides;

F.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.    providing for any and all equitable monetary relief the Court deems appropriate;

H.    awarding punitive damages in accordance with proof and in an amount consistent with applicable precedent;

I.    awarding Plaintiff his reasonable costs and expenses of suit, including attorneys' fees;

J.    awarding pre- and post-judgment interest to the extent the law allows; and

K.    for such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: November 16, 2015                          Respectfully submitted,

                                                 THE KREISLER LAW FIRM LLC

                                                 Brian T. Kreisler ARDC #06283303
                                                 brian@kreislerlawfirm.com
                                                 Post Office Box 1353
                                                 O'Fallon, Illinois  62269
                                                 Telephone: (618) 589-2165
                                                 Facsimile: (618) 632-5095

                                                 REESE LLP
                                                 Michael R. Reese
                                                 mreese@reesellp.com
                                                 George V. Granade
                                                 ggranade@reesellp.com
                                                 100 West 93rd Street, 16th Floor
                                                 New York, New York  10025
                                                 Telephone: (212) 643-0500
                                                 Facsimile: (212) 253-4272

                                                 HALUNEN LAW
                                                 Melissa W. Wolchansky
                                                 wolchansky@halunenlaw.com
                                                 1650 IDS Center
                                                 80 South Eighth Street
                                                 Minneapolis, Minnesota  55402
                                                 Telephone: (612) 605-4098
                                                 Facsimile: (612) 605-4099

                                                 *Counsel for Plaintiff and the Proposed Class*